Exhibit A-2

FILED: 7/6/2020 6:06 PM
David Trantham
Denton County District Clerk
By: Maribel Villarreal, Deputy

CAUSE NO. 20-5205-362

| | | |
|---|---|---|
| PATRICIA WEGNER INDIVIDUALLY, And on BEHALF OF THE ESTATE OF TROY WEGNER deceased, | § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | OF DENTON COUNTY, TEXAS |
| v. | § § § | |
| TETRA PAK, INC., and THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | § § § § | _____TH JUDICIAL DISTRICT |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Patricia Wegner (hereafter "Mrs. Wegner"), individually and on the behalf of the Estate of Troy Wegner (hereafter "The Estate") (collectively "Plaintiffs") and files their Original Petition against Tetra Pak, Inc. ("Tetra") and The Hartford Life and Accident Insurance Company ("Hartford"), Defendants, and would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.01   Plaintiff intends to conduct discovery in this case under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2.01   The Plaintiffs in this action are:

(a) The Estate of Troy Wegner whose Executrix is Patricia Wegner, Individually and on behalf of the Estate of Troy Wegner, is an individual citizen and resident of Lake Mills, Wisconsin.

(b) Patricia Wegner, is an individual citizen and resident of Lake Mills, Wisconsin

2.02   Defendant, Tetra Pak, Inc., Inc., is a Texas corporation, organized and existing under the laws of the State of Texas, with its principal place of business located at 3300 Airport Road, Denton, Texas.  Tetra Pak, Inc. can be served with process by serving its registered agent for service as follows:

> Tetra Pak, Inc.
> c/o CT Corp System
> 1999 Bryan Street, Suite 900
> Dallas, TX 75201-3136

2.03   Defendant, The Harford Life and Accident Insurance Company, is a foreign insurance company authorized to do business in the State of Texas, whose principal place of business is One Hartford Plaza, Hartford, Connecticut 06155-0001.  The Hartford Life and Accident Insurance Company may be served with process by serving its registered agent for service of process in Texas follows:

> The Hartford Life and Accident Insurance Company
> c/o CT Corporation System
> 1999 Bryan Street, Suite 900
> Dallas, TX  75201-3140

### III.
### JURISDICTION AND VENUE

3.01   Subject matter jurisdiction is properly vested in this Court.

3.02   Jurisdiction is proper in this Court as the damages sought by Plaintiffs are within the jurisdictional limits of this Court.  Pursuant to Texas Rules of Civil Procedure, Rule 47, Plaintiffs seeks monetary relief in excess of $1,000,000 and is within the jurisdictional limits of this Court.

3.03   Subject matter jurisdiction is properly vested in this Court because the matter in controversy exceeds the Court's minimum jurisdictional limits.  This Court also has personal jurisdiction, both general and specific, over Defendants because they are a resident and/or have

their personal place of business in the State of Texas.

3.04   Venue is proper in Denton County, Texas, pursuant to § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Denton County, Texas.

## IV.
## CONDITIONS PRECEDENT

4.01   All conditions precedent to Plaintiffs' right of recovery have been performed, have occurred, or have been waived.

## V.
## AGENCY

5.01   Unless otherwise stated herein, whenever it is alleged in this pleading that Hartford committed an act, made a representation or a statement, failed to perform an act, or failed to make a statement, it means that Hartford was acting or failing to act through its authorized agents, servants or employees acting with either express, implied, apparent and/or ostensible authority; or that Hartford subsequently ratified and benefitted financially from these acts, failures to act, representations, statements or conduct.  Plaintiff further pleads that Tetra acted as the authorized agents of Hartford with express, implied, apparent and/or ostensible authority, or that Hartford subsequently ratified the acts, failures to act, representations, statements or conduct of Tetra as alleged herein and/or benefitted financially therefrom.  Plaintiff, therefore, alleges that Hartford is liable for the actions of Tetra as alleged herein.

## VI.
## FACTS OF CASE

6.01.   On or about October of 2018, while working for Tetra, Troy Wegner (hereafter "Mr. Wegner") elected a supplemental life insurance policy, which was supplied by Hartford while applying for his 2019 employee benefits package, provided by Tetra. Tetra represented to Mr.

Wegner that if he agreed to pay a $77 premium bi-monthly, he would elect a 2019 supplemental life insurance policy coverage of $350,000. ("hereafter Policy") The Policy named Mrs. Wegner as the sole beneficiary in the event of Mr. Wegner's passing. On July 2, 2019, Mr. Wegner passed away.

6.02. After Mr. Wegner's passing, Mrs. Wegner reached out to Defendants to inquire into the process of obtaining the Policy benefits. Tetra represented to Mrs. Wegner that they would send the required employee information to Hartford to initiate the payment of the Policy, they did not. It was also at this time that Hartford represented to Mrs. Wegner that Mr. Wegner did not have effective coverage in the amount of $350,000.

6.03. On or about, July 16, 2019, Mrs. Wegner reached out to Ray Nichols, Director for Human Resources at Tetra who in turn directed Mrs. Wegner to Kyle Turner, Reward Specialist of Tetra, who represented to Mrs. Wegner that Tetra would assist Mrs. Wegner in attempting to get the Policy's claim processed. On July 19, 2019, Turner represented to Mrs. Wegner that he submitted the necessary documentation to Hartford, including all of the necessary "Employer required information," but Tetra sent materially inaccurate information to Hartford which caused an incorrect denial of the Policy.

6.04. Tetra represented in the Employer Statement, that Mr. Wegner's last work date was October 4, 2018, but this was materially inaccurate because Mr. Wegner worked through February of 2019. The incorrect date of work materially affected the Policy because part of what Hartford based the denial decision upon was the October 4,2018 date which would mean that Mr. Wegner would not qualify for 2019 supplemental life insurance.

6.05. On or about, July 2019 through September 2019, Mrs. Wegner tirelessly attempted to work with Defendants in regards to the wrongful denial of Mr. Wegner's claim. For months

Mrs. Wegner sent numerous emails and placed multiple phone calls to Defendants, attempting to get vital information about the Policy. The information Mrs. Wegner requested was: the Policy's election sheet of benefits her husband filled out, any and all communication between Defendants regarding the Policy, and the documents that Tetra sent to the Hartford which resulted in the Policy claim being wrongfully denied. These documents were owed to Mrs. Wegner under the benefits agreement. Many of these requests and phone calls were never responded to by Defendants. In fact, on or about August 27, 2019, Defendants' position was that it would not provide the requested information to Mrs. Wegner. The Defendants chose not to release this information because Tetra's Benefit Specialist created an error in Mr. Wegner's life insurance policy. Tetra represented to Mrs. Wegner that this error was corrected, but again that was a misrepresentation.

6.06. On or about September 16, 2019, Mrs. Wegner was informed by Hartford that the Policy was in fact in effect during the time Mr. Wegner passed, but Plaintiff would only be entitled to $170,000 instead of the $350,000 amount, which was promised and represented by Defendants. On October 28, 2919, Defendants were made aware of all of the above, and still Defendants chose not to fully perform their duty to pay Mrs. Wegner the remainder of the money she was entitled to under the Policy.

6.07. Mrs. Wegner still has not received the information and documentation that she has a right, under the benefits agreement to access. Due to the numerous misrepresentations, fraudulent management of the Policy, failures to manage its employee's benefits, and its failures to investigate and take appropriate corrective measures, Defendants have damaged Plaintiffs.

## VII.
## FRAUD

7.01. Plaintiffs re-allege each and every one of the foregoing paragraphs as though set forth fully herein.

7.02.     Defendants made or caused to be made the material misrepresentations, omissions, and/or misleading statements to Plaintiffs as described above.  These include, but are not limited to, Defendants' representations to Plaintiff that: 1) Mr. Wegner lacked supplemental insurance for 2019 2) The Policy for in the amount of $350,000; 3)  Mr. Wegner's last day of work was October 4, 2018 4) Defendants would assist Plaintiff in obtaining the Policy 5) Defendants would provide the necessary communication and documentation to Plaintiffs to review and to be informed with regards to processing of Plaintiff's claim; and 6) the reasons Plaintiff's claim was denied; and 7) the error created by Tetra in Mr. Wegner's policy was corrected.  Each of the representations were false and were made willfully by Defendants with knowledge of their falsity and were made with indifference to the rights, safety, or welfare of Plaintiffs.

7.03.     Defendants concealed material information regarding Plaintiffs' claim. Defendants also concealed material information regarding the reasons why Defendants wrongfully denied Plaintiffs' claim.

7.04.     Defendants made these misrepresentations and concealed this material information with knowledge as to their false and/or misleading nature.  Defendants knowingly made these fraudulent misrepresentations to Plaintiffs.  Defendants made these misrepresentations with the intention that that they should be acted upon by Plaintiffs. Plaintiffs acted in reliance upon Defendants' misrepresentations and entered into an agreement for employee benefits in reliance on these misrepresentations and thereby suffered injury.  As such, the agreement was also induced by fraud.

7.05.     Defendants' false representations to Plaintiffs were material. Defendants made these representations and omissions as a positive assertion, recklessly, without any knowledge of their truth, and with a conscious disregard of the rights and interests of Plaintiffs, and for the

purpose of jeopardizing the financial well-being of Plaintiffs. Defendants acted maliciously, oppressively, and with the intent to defraud Plaintiffs. As a result of Defendants' misrepresentations and concealment, Plaintiffs suffered injury and sustained damage.

7.06. Defendants concealed or failed to disclose certain material facts which they had a duty to disclose to Plaintiffs, including facts related to Mr. Wegner's life insurance claim. Defendants concealed or failed to disclose material facts with the intent of giving Plaintiffs a false impression of the actual facts, and with the intent for Plaintiffs to rely and act on the lack of material information and/or false impressions created by Defendants' non-disclosure. As a result of Defendants' failure to disclose facts, Plaintiffs acted in reliance thereon and suffered injury and damage.

7.07. Defendants intended for Plaintiffs to rely on each of these misrepresentations and omissions, and Plaintiffs justifiably relied on them. The misrepresentations and omissions by Defendants proximately caused the damages suffered by Plaintiffs. Accordingly, Plaintiffs are entitled to recover actual damages, as well as punitive or exemplary damages from Defendants.

## VIII.
## BREACH OF CONTRACT

8.01. Plaintiffs re-allege each and every one of the foregoing paragraphs as though set forth fully herein.

8.02. Defendants entered into a valid and enforceable agreement with Mr. Wegner as described in detail above. Mr. Wegner performed under the agreement, except insofar as those obligations have been waived or excused due to Defendants material breaches of the agreement. Defendants breached the agreement by failing to pay Plaintiffs the money owed under Mr. Wegner's elected life insurance policy as described above. This breach caused Plaintiffs damage for which they sue.

8.03.   As a result of the breach, Plaintiffs have been damaged in an amount exceeding the minimal jurisdictional limits of this Court, and seek actual and consequential damages.  Plaintiffs are also entitled to pre and post-judgment interest at the maximum rate permitted by law, as well as costs, and reasonable attorney's fees.

### IX.
### CONVERSION AND CIVIL THEFT

9.01.   Plaintiffs re-allege each and every one of the foregoing paragraphs as though set forth fully herein.

9.02.   Defendants had in place an accounting system which would trace the premiums paid by their employees and employees of Tetra.  Those identifiable and specific amounts would then be deposited in a specific account which Tetra managed and were then obligated to distribute to Hartford.  The money has always been in the same form in which it was received, and it is not the subject of a title claim by Defendants.  The cash is specific chattels, and it is Plaintiff Mrs. Wegner's personal property.  The Defendants wrongfully exercised dominion and control over the property.

9.03.   The Plaintiffs have suffered injury as a result of Defendants' conduct for which Plaintiffs now bring this suit.  Plaintiff Mrs. Wegner seeks recovery of her actual and consequential damages, costs, interest, and exemplary damages.

9.04.   Further, the Defendants intentionally and willfully stole the Plaintiffs money.

9.05.   This money is the sole and exclusive property of the Plaintiffs.

9.06.   The Defendants have an exclusive right to possession and distribution of such property, which is valuable to Plaintiffs and vital to their financial well-being.

9.07.   The Plaintiffs never consented to the stealing of their money.

9.08.   Defendants have been in knowing and unauthorized possession and control of such

property since July 2019.

9.09. Since that time, at the latest, Defendants may have been obtaining unjust and substantial benefit from the Plaintiffs' property to third parties without the Plaintiffs' consent and without paying the Plaintiffs for the value of such property.

9.10. Defendants' improper assumption and exercise of dominion and control over the Plaintiffs' property has and will continue to interfere with and diminish the Plaintiffs' rights in that property.

9.11. Allowing Defendants to retain the benefits received as a result of their wrongful acts would unjustly benefit Defendants at the Plaintiffs' expense.

9.12. As a direct and proximate result of Defendants' actions, Plaintiffs have lost, and will continue to lose, the ability to use said monies for investment and banking opportunities in an amount to be determined at trial. The Defendants' wrongful conduct was a substantial factor in causing this harm.

9.13. The Plaintiffs are entitled to an award of the value of the property taken, with interest, and other damages in an amount to be proven at trial. In addition, or in the alternative, the Plaintiffs are entitled to damages and repossession of the converted property. In addition, or in the alternative, the Plaintiffs are entitled to restitution of the Defendants' ill-gotten gains. The Plaintiffs will seek their election of remedies at trial.

## X.
## VIOLATIONS OF TEXAS THEFT LIABILITY ACT

10.01. Plaintiffs re-allege each and every one of the foregoing paragraphs as though set forth fully herein.

10.02. Plaintiffs have a possessory right to the supplemental life insurance benefits according to the agreement signed by Mr. Wegner.

10.03. The unlawful taking was made with the intent to deprive Plaintiffs of their property. Plaintiffs have sustained damages as a result of the theft for which it now brings this suit seeking actual and consequential damages, interest, costs, and exemplary damages, as well as statutory damages.

## XI.
## CONSTRUCTIVE TRUST

11.01. Plaintiffs re-allege each and every one of the foregoing paragraphs as though set forth fully herein.

11.02. Plaintiffs are entitled to distribution of funds wrongfully held by one or more of Defendants. Plaintiffs have no adequate remedy at law to compensate them for not being provided with the proper amount of Mr. Wegner's life insurance policy. The precise extent of the value of such amounts are not yet ascertainable and necessarily depend on future events. Plaintiffs are entitled to money in possession of one or more of the Defendants and, as that money belongs to Plaintiffs, a tracing of that money to particular funds or property in one or more of the Defendants' possession, and which funds arose from Plaintiffs' effort and performance under the contract with Defendants. Plaintiffs are, therefore, entitled to an order barring Defendants from disbursing the disputed funds and profits and requiring Defendants to hold these funds and profits in trust for Plaintiffs' benefit.

## XII.
## NEGLIGENT MISREPRESENTATION

12.01. Plaintiffs re-allege each and every one of the foregoing paragraphs as though set forth fully herein.

12.02. Pleading in the alternative, Plaintiffs bring this cause of action for negligent misrepresentation against all Defendants.

12.03. Defendants negligently acted, omitted to act, and erred in acting as well as negligently misstating and misleading Plaintiffs by communicating the following, but not limited to, information:

1. Mr. Wegner had effective supplemental life insurance for 2019.
2. The amount of the Policy;
3. The reason why Plaintiff's claim was denied;
4. Assisting Plaintiff in acquiring the benefits from the Policy;
5. Ability of Defendants to recognize and pay the full amount of benefits of the Policy; and
6. The correction of Tetra's error in processing the Policy.

12.04. Plaintiffs justifiably relied on each of these representations made by the Defendants. The negligent misrepresentations by Defendants proximately caused the damages suffered by the Plaintiffs. Accordingly, Plaintiffs are entitled to recover actual damages, as well as punitive and/or exemplary damages from Defendants.

## XIII.
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

13.01 Plaintiffs repeat and re-allege the allegations set forth in all preceding paragraphs of this Petition, as if fully set forth herein.

13.02 By its conduct outlined above, Hartford has breached its common law duty of good faith and fair dealing by denying and/or delaying Plaintiffs' claims without any reasonable basis and/or by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for denial and/or delay. Hartford's breach exhibited a conscious indifference to Plaintiffs'

rights and welfare, and its conduct has been a producing and/or proximate cause of actual damages to Plaintiffs for which they sue.

## XIV.
## VIOLATION OF TEXAS INSURANCE CODE AND DECEPTIVE TRADE PRACTICES ACT

14.01. Plaintiffs assert the following cause of action for violations of the Texas Insurance Code against Defendants and repeat the preceding paragraphs as if fully stated herein.

14.02. The actions of Defendants as alleged above are in violation of statutory sections of the Texas Insurance Code thereby giving rise to a claim under Article 541.151 Tex. Ins. Code and under the Texas Deceptive Trade Practices Act as they falsely claimed numerous facts about the Policy, including that it existed and the amount of coverage allowed. Said violations are a producing cause of Plaintiffs' damages. Specifically, Defendants' misrepresentations violate the Texas Insurance Code and DTPA in the following respects:

(a) Defendants misrepresented the terms, benefits or advantages of the insurance Policies in violation of TEX. INS. CODE §541.051.

(b) Defendants made, or directly or indirectly caused to be made, an assertion, representation or statement with respect to the insurance Policy that was untrue, deceptive or misleading in violation of TEX. INS. CODE §541.052.

(c) Defendants misrepresented material facts relating to the Policy's coverage in violation of TEX. INS. CODE §541.060(a)(1).

(d) Hartford failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claims for which Hartford's liability was reasonably clear in violation of TEX. INS. CODE §541.060(a)(2)(A).

(e) Hartford failed within a reasonable time to affirm or deny coverage of a claim to Plaintiffs in violation of TEX. INS. CODE §541.060(a)(4)(A).

(f) Hartford failed to pay claims without conducting reasonable investigations with respect to Plaintiffs' claims in violation of TEX. INS. CODE §541.060(a)(7).

(g) Defendants made untrue statements of material fact in violation of TEX. INS. CODE §541.061(1).

(h) Defendants failed to state a material fact necessary to make other statements not misleading, considering the circumstances under which the statements were made in violation of TEX. INS. CODE §541.061(2).

(i) Defendants made misrepresentations in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact in violation of TEX. INS. CODE §541.061(3).

(j) Defendants caused confusion as to the source, sponsorship, approval or certification of the Policy in violation of DTPA §17.46(b)(2).

(k) Defendants represented that the Policy had sponsorship, approval, characteristics, uses and benefits which they did not have in violation of DTPA §17.46(b)(5).

(l) Defendants represented that the Policy was of a particular standard, quality or grade when it was not in violation of DTPA §17.50(b)(7).

(m) Defendants failed to disclose information regarding the Policy and their services which was known at the time with the intent of inducing Plaintiff into a transaction in which they would not have entered had the information been disclosed in violation of DTPA §17.50(b)(24).

14.03. Plaintiffs further sue for trebling of these damages and allege that Defendants' misrepresentations as described herein were committed "knowingly," in that Defendants had actual awareness, at the time of the acts complained of, of the falsity, deception or unfairness of the conduct in question, thereby entitling the jury to award Plaintiffs three times their economic damages as additional damages under Article 541.152 of the Texas Insurance Code and DTPA §17.50, for which Plaintiffs sue.

14.04. Plaintiffs sue for reasonable and necessary attorneys' fees for the preparation and trial of this cause and any appeal therefrom pursuant to Article 541.152 of the Texas Insurance Code and DTPA §17.50(d), taking into consideration all relevant factors.

## XV.
## NEGLIGENCE

15.01. Plaintiffs re-allege each and every one of the foregoing paragraphs as though set forth fully herein.

15.02. Defendants owed a duty to Plaintiffs, such as but not limited to the duty of good faith and fair dealing, the general duty to act reasonably, and the duty to explain policy terms.

15.03. Defendants breached these duties by:

   1. Misrepresenting insurance coverage;

   2. Failing to procure requested insurance;

   3. Failing to notify Plaintiffs of inability to procure insurance; and

   4. Procuring of inadequate coverage

15.04. Plaintiffs suffered injuries that were a natural, probable and foreseeable consequence of Defendants' conduct which caused Plaintiffs' actual, consequential and special damages in excess of the minimum jurisdictional limits.

## XVI.
## BREACH OF FIDUCIARY DUTY
### (All Defendants)

16.01. Plaintiffs re-allege each and every one of the foregoing paragraphs as though set forth fully herein.

16.02. Defendants owed the highest fiduciary duty recognized under the law. Therefore, Defendants owed Plaintiffs the duty of loyalty and utmost good faith; the duty of candor; the duty to refrain from self-dealing; the duty to act with integrity of the strictest kind; the duty of fair and honest dealing; and the duty of full disclosure. Defendants breached each of these duties and this breach resulted in both injury to Plaintiffs and benefit to Defendants.

## XVII.
## AIDING AND ABETTING

17.01. Plaintiffs re-allege each and every one of the foregoing paragraphs as though set forth fully herein.

17.02. Defendant Hartford assisted, encouraged, advised, participated and/or instigated Tetra to breach their fiduciary duty owed to Plaintiffs. Defendant Hartford is jointly and severally liable as a result of aiding and abetting.

17.03. Defendants' breach of fiduciary duty are primarily tortuous acts. Defendant Hartford provided substantial assistance to Tetra in accomplishing the tortuous conduct. Therefore, Hartford's own conduct, separate from the conduct of Tetra, was a breach of duty to Plaintiffs. Defendant Hartford's participation was a substantial factor in causing the tortuous conduct resulting in damages for which Plaintiffs now sue.

## XVIII.
## ATTORNEYS' FEES

18.01. Plaintiffs sue for reasonable and necessary attorneys' fees for the preparation and trial of this cause and any appeal therefrom pursuant to Article 21.21 of the Texas Insurance Code and §38.001, *et seq.,* Texas Civil Practice and Remedies Code, taking into consideration all relevant factors, including the contingent fee arrangement between Plaintiff and her attorneys.

## XIX.
## DAMAGES

19.01. Damages sought by Plaintiffs are within the jurisdictional limits of the Court. Pursuant to Tex. R. Civ. P. 47, Plaintiff seeks monetary relief over $1,000,000.00.

19.02. Defendants' acts and omissions, as more particularly described above, have been a producing and proximate cause of damage to Plaintiffs.

19.03. Plaintiffs further sue for trebling of said damages pursuant to the applicable provisions of the Texas Insurance Code as a result of Defendants' knowing conduct, and further sues for the imposition of an 18% penalty on the unpaid policy benefits as provided under §542.0610, Texas Insurance Code. In addition, the harm complained of by Plaintiffs herein results from the malice of Hartford, thereby justifying the imposition of exemplary damages in the highest amount allowed by law. The punitive damages which should be imposed against Hartford should take into consideration Hartford's conduct as to Plaintiffs and other insured similarly situated, as well as the financial position of Hartford.

## XX.
## JURY DEMAND

20.01. In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs demand a trial by jury. Simultaneously with the filing of this demand, a jury fee is being paid on behalf of Plaintiffs.

## XXI.
## REQUEST FOR DISCLOSURE

21.01. Pursuant to and in accordance with Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within fifty (50) days of service hereof, the information or material described in Rule 194.2(a-l).

## XXII.
## PRAYER FOR RELIEF

22.01. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final notice and hearing as required by law, Plaintiffs have and recover against Defendants, jointly and severally, judgment for all relief requested herein, special and consequential damages, pre-judgment interest as allowed by law, post-judgment interest as allowed by law, expert witness fees, costs of court; and such other and further relief as the Court deems appropriate or to which

Plaintiffs may show themselves entitled at law or in equity.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**

*/s/ Anthony L. Vitullo*

_____
ANTHONY L. VITULLO
State Bar No. 20595500
GARRETT J. MCLEAREN
State Bar No. 24090258
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972-980-3257
972-934-9200 [Fax]
lvitullo@feesmith.com
gmclearen@feesmith.com

John L. Malesovas
State Bar No. 12857300
MALESOVAS LAW FIRM
5301 Southwest Parkway, Suite 460
Dallas, TX 78735
Telephone: 512-708-1777
Facsimile: 512-708-1779
Email: john@malesovas.com

**ATTORNEYS FOR PLAINTIFF**